CHRISTOPHER E. MILLER ET AL. V. SARAH GLEASON.

1. DEFINITION OF AN HABITUAL DRUNKARD.

One who has formed the habit and indulged in it, of drinking to excess and becoming intoxicated, whether daily or continuously or periodically with sober intervals of a greater or less length, is an intemperate man and an habitual drunkard.

2. CIRCUMSTANCES UNDER WHICH A REVIEWING COURT WILL NOT REVERSE THE VERDICT OF THE TRIAL COURT.

Where, in an action by a wife, for damages which she alleged she had sustained by reason of sale of intoxicating liquors, by the defendant, to her husband; and it appears in the record that there was evidence from which the jury could have found that the husband was a man who was in the habit of being intoxicated; that he had been so for several years before this action was brought; that the defendant knew of the general habits and condition of plaintiff's husband, and that such husband had procured liquor of defendant; and the jury having had an opportunity to see the witnesses who testified and hear their testimony and determine which of them they would believe: *Held*, that on error, a reviewing court has no power to say that the jury in the trial court ought to have believed one and excluded another witness; and, therefore, this being determined by such jury, the reviewing court cannot disturb their verdict upon that ground.

3. INJURED PARTY MAY RECOVER A COMPENSATION IN THE FORM OF DAMAGES.

In such action the injured party may recover a compensation in the form of damages, for the injury occasioned to her means of support, resulting from the unlawful acts of defendant. What those damages are, in any given case, the legislature have seen proper to leave to a jury to determine, and there is no good reason why the legislature should not submit the question of its amount and value, to the determination of a jury, under the instruction and supervision of the court.

4. EXEMPLARY DAMAGES MAY BE AWARDED.

Where a defendant who has notice of an action against him, that plaintiff claims to have been injured in her means of support, by unlawful sales by him, of intoxicating liquors to her husband, shows a wanton disregard of her rights, by continuing to debauch her husband, by selling him intoxicating liquors after such notice, proof of such fact may be given, to enhance the exemplary damages.

ERROR to the Court of Common Pleas of Lucas county.

KING, J. (orally.)

Sarah Gleason brought suit against Christopher E. Miller and Sarah E. Miller, in the common pleas and recovered a judgment for damages which she alleged she had sustained by the sale of intoxicating liquors to her husband, Patrick Gleason, made after October 6, 1894, and prior to the commencement of this action, the result of which had been to affect and impair her means of support under the statutes of this state relating to that subject. This proceeding in error is brought to reverse that judgment.

The first assigned error which I will notice is, that the court erred in ruling out five questions and answers in the deposition of Patrick Gleason taken on behalf of defendant Miller. The deposition was read in evidence and five questions and the answers thereto were read to the jury over the objection of the plaintiff's attorney. After an adjournment the court came in and remarked that he had made a mistake in ruling in

Miller et al. v. Gleason.

reference to such five questions and answers in the deposition of Patrick Gleason. The court said, "I believe that the testimony is incompetent. It is the testimony referring to the threats and poisoning and murder. I think I have made a mistake in admitting this testimony and I desire to withdraw it from the record and I urge upon you the duty of not regarding that testimony and not allowing it to influence your verdict one way or the other." To that ruling the defendant in error, plaintiff below, excepted. Of these five questions three related to the subject of poisoning and murder, as mentioned by the court, and two related to other matters which were entirely proper and competent in the case. The plaintiff in error, however, preserved but one exception to the ruling of the court to the five questions and answers; and therefore it is not prejudicial to him that the court ruled out more than it ought to have ruled out. But I think it doubtful whether the court intended to rule out the five questions and answers. He says that the testimony upon that subject is ruled from the consideration of the jury. That we do not find to be prejudicial to the plaintiff in error.

The next question is the charge of the court. The court gave, before argument, at the request of plaintiff's counsel below, a request which is complained of. The court also gave substantially the same thing in its general charge. The request is as follows:

"If the jury shall find from the evidence in the case that during the time alleged in plaintiff's petition, that the husband of the plaintiff had formed the habit and indulged in it, of drinking to excess and becoming intoxicated, whether daily and continuously or periodically with sober intervals of a greater or less length, the person addicted to such habit is an intemperate man, an habitual drunkard."

This is complained of because it is said that it does not follow the rule which it has been customary to give in such cases of the definition of an habitual drunkard. I think probably that it is claimed by counsel that an habitual drunkard is one who becomes intoxicated whenever he can procure the means—whenever he is surrounded by the means of getting intoxicated. But it will be noticed that this request—and so of the charge of the court—is to the effect that they must find that the plaintiff's husband had formed the habit of drinking to excess and becoming intoxicated. Then the court says: "Whether daily and continuously or periodically with sober intervals of a greater or less length, the person addicted to such habit is an intemperate man, an habitual drunkard." The gist of that request is: that he had formed the habit of drinking intoxicating liquors to excess and becoming intoxicated. Whether that habit be to become intoxicated daily and continuously, or periodically, is not important: in other words, if he had formed the habit of drinking liquor to excess and of becoming intoxicated, such a man would be an habitual drunkard whether he was drunk all the time or whether he was drunk periodically with sober intervals of greater or less extent. That is what the charge means if it means anything, in our judgment; and it is a fair definition of an habitual drunkard. I think this is sustained by the opinion in Union Mutual Life Ins. Co. v. Rief, 36 O. S., 596, although it is true that the question there discussed and at issue was not the same as this one. However, the court undertake to say, and do say casually, what constitutes a man who is in the habit of being intemperate and who is in the habit of becoming intoxicated from intoxicating liquors and what constitutes an habitual drunkard; we think that is clear. And the

general charge was not different in any respect from this request, at least it did not state the rule any more favorably to the plaintiff.

There are other portions of the charge complained of, but I have not time to go over them in detail. Suffice to say we find no error in the charge.

It is alleged that the verdict is not sustained by the evidence. I think there was evidence in the record from which the jury could have found, if they believed what the witnesses said about it, that Patrick Gleason was a man who was in the habit of being intoxicated; that he had been for several years before this suit was brought; that the defendant Miller, knew of his general habits and condition and that he had procured liquor there—there was evidence in the record to sustain that; and there was evidence, undoubtedly, to the contrary, but the jury had an opportunity to see these witnesses and hear their testimony and determine which of them they would believe. We have no power to say that they ought to have believed one and excludeed another. This was determined by the jury and we cannot disturb this verdict upon that ground.

Considerable is said about the verdict being excessive, as showing prejudice, etc. I will make the same reference in this case that I have made here in another. The motion for a new trial does not set forth that the verdict was excessive as being caused by prejudice or passion.

One or two things are said by our Supreme Court, in a couple of cases that they refer to as bearing upon this question of damages. The plaintiff is entitled to recover for loss of her means of support, and the court say, in Mulford v. Clewell, 21 O. S., 191, reading from page 197 of the opinion: "Means of support relate to the future as well as to the present." And again, on the same page: "What those damages are, in any given case, the legislature have seen proper to leave in these broad terms to a jury to determine. A wife's means of support—her reasonable alimony or allowance for maintenance—is a matter quite well known to the law; and there is no good reason why the legislature should not submit the question of its amount and value, as it seems to have done by these statutes, to the determination of a jury, under the instruction and supervision of the court."

And again we find some remarks upon this subject in Bean v. Green, 33 O. S., 444, on pages 451 and 452, the court say:

"The statute giving this right of action (67 O. L., 102), contemplates that the injured party may recover a compensation in the form of damages, for the injury occasioned to her means of support, resulting from the unlawful acts of defendant. Also, that the transgressor be punished by an assessment of exemplary damages against him. The jury may award exemplary damages, under this statute, without any proof specially showing such damages. The policy of the statute being to provide punishment, by both criminal and civil proceedings, that will most effectually prevent the evils arising from the unlawful sale of intoxicating liquors. An assessment of punitive damages, in favor of a wife, entitled, by the proofs, to compensatory damages, is a mode provided by the law to prevent an evil.

"There can be no reasonable doubt, that where a defendant who has notice of an action against him, that plaintiff claims to have been injured, in her means of support, by unlawful sales by him, of intoxicating liquors to her husband, shows a wanton disregard of her rights, by continuing to debauch her husband, by selling him intoxicating liquors after

such notice, proof of such fact may be given, to enhance the exemplary damages."

Looking at the law as the Supreme Court have laid it down in those two cases on the subject of damages and the carefulness with which they say that both the loss she may sustain and the amount of punishment which may be inflicted are left to the jury to determine, we do not think we would be warranted in saying, under the action of the court below in this case, that this judgment should be so disturbed, and therefore it is affirmed

*Pilliod & Tyler*, for plaintiff in error.
*Beard & Beard*, for defendant in error.